IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Heliodoro Vela-Cavazos, | ) | |
| | ) | C/A No. 0:16-3566-TMC |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **OPINION & ORDER** |
| | ) | |
| A. Mansukhani, Warden, Federal | ) | |
| Correctional Institute-Estill, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court on Petitioner Heliodoro Vela-Cavazos' ("Petitioner") petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2), D.S.C., all pre-trial proceedings were referred to a magistrate judge. On February 19, 2017, Magistrate Judge Paige J. Gossett filed a Report and Recommendation ("Report") recommending the Petition be dismissed without prejudice and without requiring Respondent to file a return. (ECF No. 10). On March 1, 2017, Petitioner timely filed objections to the Report. (ECF No. 15).[1]

The Magistrate Judge makes only a recommendation to the court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate

---

[1]The objections were due February 26, 2017. Although the objections were not docketed until March 1, 2017, because of the mailbox rule, the objections appear timely. *See Houston v. Lack*, 487 U.S. 266 (1988) (holding that a pro se prisoner's date of filing is the date he delivers it to prison officials). In this case, Petitioner signed and dated his objections on February 21, 2017. (ECF No. 15-1 at 3).

Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, the court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a timely filed, specific objection, the Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

On July 9, 2014, a federal grand jury sitting in the Southern District of Texas, Houston Division, returned a one count indictment charging Petitioner with reentry of a removed alien in violation of 8 U.S.C. § 1326(a) and (b). Petitioner pled guilty and was sentenced to 57 months imprisonment. Petitioner filed a direct appeal which was affirmed on August 18, 2015. He then filed a petition for a writ of certiorari with the United States Supreme Court which was denied on October 13, 2015. He states that he has not filed a habeas petition pursuant to 28 U.S.C. § 2255. (ECF No. 1 at 4).

In this habeas Petition, Petitioner argues that, in light of the holding in *Johnson v. United States*, 135 S.Ct. 2551 (2015), declaring the residual clause in the Armed Career Criminal Act ("ACCA") unconstitutionally vague, his sentencing enhancement under the ACCA is likewise unconstitutional and must be vacated. Specifically, he claims that pursuant to *Johnson*, his prior conviction of burglary no longer qualifies as a crime of violence. However, "it is well established that defendants convicted in federal court are obliged to seek habeas relief from their convictions and sentences through § 2255," not through a petition filed pursuant to § 2241. *Rice v. Rivera*, 617 F.3d 802, 807 (4th Cir. 2010) (*citing In re Vial,* 115 F.3d 1192, 1194 (4th Cir. 1997)).

Moreover, as the magistrate judge determined, in this case, there is no plausible allegation

that the savings clause permits Petitioner to bring his claims under § 2241. First, Petitioner never filed a § 2255 action with the sentencing court to permit it to review his claims for relief prior to filing this Petition.[2] A prisoner in federal custody should first proceed with a § 2255 motion before attempting to satisfy the "savings clause." *See Hernandez v. Drew*, 371 Fed.Appx. 991, 993 (11th Cir. Apr. 7, 2010) (noting that a prisoner may not circumvent the requirements for filing a § 2255 motion merely by filing a § 2241 petition). Further, Petitioner cannot meet the second prong of *In re Jones* (that subsequent to his appeal and first § 2255 motion the substantive law changed such that the conduct of which he was convicted is deemed not to be criminal) because he has not ever had a decision on a first § 2255 motion. Accordingly, Petitioner cannot demonstrate that relief under § 2255 is "inadequate or ineffective."

The magistrate judge recommends that the court dismiss this action. However, because the AEDPA's one-year statute of limitations in 28 U.S.C. § 2255(f) may be an issue in this case, the court finds it is appropriate to recharacterize the Petition rather than dismiss it without prejudice because of the proximity of the running of the one-year time clock. *See Castro v. United States*, 540 U.S. 375, 381 (2003) ("Federal courts sometimes will ignore the legal label that a pro se litigant attaches to a motion and recharacterize the motion in order to place it within a different legal category . . . . to avoid an unnecessary dismissal . . . ."). "[A] district court may not recharacterize a prisoner's filing as a § 2255 petition without notifying the prisoner of its intent to recharacterize the motion, warning the prisoner of the effects of recharacterization, and giving the prisoner an opportunity to withdraw or amend his motion." *United States v. Blackstock*,

---

[2] In her Report, the magistrate judge incorrectly suggests that Petitioner has filed a § 2255 petition by stating that Petitioner should seek authorization for filing a second or successive § 2255 habeas action. (Report at 4). However, Petitioner states in his petition that he has not filed any petition pursuant to § 2255. (ECF No. 1 at 4).

3

513 F.3d 128, 131 (4th Cir. 2008); *see also Castro*, 540 U.S. 375. In deciding whether to proceed under § 2255, or as filed, Petitioner is advised that only one § 2255 motion is permitted to be filed and a prisoner is not entitled to "file a second or successive . . . § 2255 motion to vacate sentence without first receiving permission to do so from the appropriate circuit court of appeals." *In re Vial,* 115 F.3d 1192, 1194 (4th Cir. 1997). Finally, if this case is recharacterized as a § 2255 action, any subsequent § 2255 motion will be subject to the restrictions on successive or second § 2255 motions set forth in 28 U.S.C. § 2255(h). [3]

Reviewing this action, the court has determined that it is appropriate to recharacterize the Petition as a § 2255 motion rather than dismiss it without prejudice because of the proximity of the running of the one-year time clock. If the court converts this action into a § 2255 motion, the court would then be required to transfer the motion to "the court which imposed the sentence. . . . " *See* 28 U.S.C. § 2255(a). *See also Shaw v. United States*, 417 Fed.Appx. 311, 312 (4th Cir. 2011) (finding that instead of dismissing the § 2241 petition, the interest of justice required the district court to transfer it to the sentencing court because if a petitioner were to file a new § 2255 motion in that district the claims would likely be time-barred). Additionally, if this action is recharacterized as a § 2255 action, Petitioner is advised that any subsequent § 2255 motion will be subject to the restrictions on successive or second § 2255 motions set forth in 28 U.S.C. § 2255(h).

---

[3]A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain —

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

Accordingly, if Petitioner does not wish to proceed under § 2255, he may withdraw this Petition by informing the court in writing of his intent to voluntarily dismiss this action. *See* Fed. R. Civ. P. 41(a)(1) (prior to the entry of an answer or motion for summary judgment by the opposing party, an action may be voluntarily dismissed by filing a notice of dismissal). Alternatively, if Petitioner wishes to proceed under § 2255, he may seek leave to amend the Petition so that it contains all of the § 2255 claims he wants to assert. *See Castro*, 540 U.S. at 383 (listing the notice requirements that must be provided to a petitioner prior to recharacterization); *United States v. Blackstock*, 513 F.3d 128 (4th Cir. 2008).

Based on the foregoing, the court declines to adopt the Report. Instead, the court hereby notifies Petitioner Vela-Cavazos of the court's intent to re-characterize the petition as a § 2255 motion as required by *United States v. Castro*, 540 U.S. 375 (2003). Further, if the court recharacterizes this § 2241 petition as a § 2255 motion, it will be transferred to the Southern District of Texas for all further proceedings. Petitioner is directed to file a response to this Order by May 5, 2017, indicating whether he consents to having this § 2241 petition converted to a § 2255 motion.

**IT IS SO ORDERED.**

                                                    s/Timothy M. Cain
                                                    United States District Judge

Anderson, South Carolina
April 17, 2017